UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY WAYNE REED, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No. 2:16-cv-0319-WTL-MJD |
| MARK J. BOWEN, JASON SLODERBECK, BENSON, J. MILLER, CINDY GITMAN, JANE DOE, | ) |
|        Defendants. | ) |

**Entry Dismissing Complaint**

Plaintiff Anthony W. Reed, an inmate at Putnamville Correctional Facility, filed this civil action for incidents that occurred while Reed was incarcerated at the Hamilton County Jail. Reed alleges that the defendants Mark Bowen, Jason Sloderbeck, Lt. Benson, J. Miller, Cindy Gitman and Jane Doe violated his constitutional rights in a variety of ways.

**I. The Complaint**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).

Applying the standards set forth above the following claims or defendants must be dismissed.

1) Reed's **claims against defendant J. Miller are dismissed** for failure to state a claim. To prevail on his First Amendment retaliation claim, a plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *see Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013). The plaintiff has not met this criteria. Here, the plaintiff engaged in activity protected by the First Amendment: litigation against the defendants. And in response, the defendant allegedly disposed of Reed's legal papers. However, this is not a deprivation that would likely deter his First Amendment activity in the future, as evidenced by this complaint. This isolated act is not the sort of action that the Court finds would deter a person of ordinary firmness from participating in First Amendment activity. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). This claim is **dismissed**.

2) Reed's **Eighth Amendment claims against defendants Benson, Sloderbeck, and Bowen are dismissed** for failure to state a claim. Here, the plaintiff's alleges that he was placed with two other inmates in a double-cell for up to twenty hours per day and exposed to inadequate cleaning supplies that made his nose run, and caused him to suffer from intense itching on his face.

The claim that any of the conduct alleged in the complaint violated the Eighth Amendment's proscription against the imposition of cruel and unusual punishments is dismissed because conditions of confinement may rise to the level of a constitutional violation only if those conditions involved the deprivation of a single identifiable human need or the denial of the minimal

civilized measure of life's necessities. *Wilson v. Seiter*, 501 U.S. 294, 298 305 (1991). Nothing in the complaint's allegations remotely suggests such a deprivation. *Duran v. Elrod*, 760 F.2d 756 (7th Cir. 1985) ("The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'")(quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). *See also Carroll v. DeTella*, 255 F.3d 470, 473 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not [cruel and unusual punishment]."); *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) (inmate's exposure to moderate levels of environmental contaminants did not violate the Eighth Amendment, because such exposure "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual").

3) Reed's **claims against defendants Bowen, Sloderback and the Hamilton County Jail for denial of access are dismissed** for failure to state a claim. He alleges he was denied access to the law library by the defendants, but when he was finally able to use the law library, the equipment was outdated. This claim is frivolous.

Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance. *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L.Ed.2d 72 (1977). The right of access, however, is not "an abstract freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996). To satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury. *Casey*, 518 U.S. at 353; *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("That right [to access courts] is violated when a prisoner is deprived of such access and suffers actual injury as a result.").

A right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources. *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim).

4) Reed's **claims against the unknown Jane Doe defendant are dismissed** for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "Jane Doe," defendants in federal court is generally disfavored by the Seventh Circuit.

5) Finally, Reed's **Eighth Amendment claim that that his constitutional rights were violated by being served sugary and salty snacks is dismissed** for failure to state a claim. In evaluating an Eighth Amendment claim, Courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id*. Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59

(1981), and inmates can't expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Inmates are entitled to a nutritionally adequate diet, but not to food that is tasty, hot, or even appetizing. *Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994). Reed does not allege he has been deprived of an adequate diet, or that he suffered an injury from the food he was served. The types of snacks Reed received while at the Hamilton County Jail is not the type of severe deprivation that amounts to a constitutional deprivation.

Reed's complaint is dismissed for failure to state a claim. He shall have **October 3, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED**.

Date: 9/1/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Anthony Wayne Reed, #930206
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135