UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY WAYNE REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-0319-WTL-MJD |
| | ) |
| MARK J. BOWEN, JASON SLODERBECK, | ) |
| BENSON, J. MILLER, CINDY GITMAN, | ) |
| JANE DOE, | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Insufficient Claims and Directing Further Proceedings**

**I.**

On September 1, 2016, the Court dismissed the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b) and directed him to show cause why this action should not be dismissed for failure to state a claim. On October 4, 2016, the petitioner filed a response to the Court's show cause order. For the reasons set forth in the entry of September 1, 2016, the following claims are still **dismissed**:

1. The claims regarding denial of access to the law library against defendants Bowen and Sloderbeck.

2. The plaintiff's complaint against defendant Jane Doe. If the plaintiff is able to identify her at a later time through discovery, he may file a motion to add her as a defendant.

3. The plaintiff's claim that his rights under the Eighth Amendment are being violated when he is served sugary and salty snacks.

4. Additionally, the plaintiff names the Hamilton County Jail as a defendant in the complaint, but he may not proceed against the Jail in this action. Section 1983 imposes liability on any "person" who violates an individual's federally protected rights "under color of state law." A

jail is a building, and "is not a 'person'-it is not a legal entity to begin with." *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993). The Hamilton County Jail is **dismissed** as a defendant.

## II. Claims that May Proceed

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), a pre-trial detainee at the Hamilton County Jail at the time of the events that form the basis of the complaint, the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir.2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. A*tkins, 487 U.S. 42, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S. Ct. 2689, 61 L.Ed.2d

433 (1979). The Eighth Amendment proscription against the imposition of cruel and unusual punishments is may rise to the level of a constitutional violation if the condition of confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 537 n. 16 (1979). Because the plaintiff was a pretrial detainee when he was allegedly deprived of medical care, this Court will consider his claim as a Fourteenth Amendment claim. But "there is little practical difference between the standards utilized under the two amendments." *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir.2001), *citing Weiss v. Cooley*, 230 F.3d at 1032. "An act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir.1988).

1. The plaintiff's First Amendment claim for retaliation set forth in the complaint filed on August 15, 2016, against J. Miller **may proceed.**

2. The plaintiff's conditions of confinement claim set forth in the complaint filed on August 15, 2016, against defendants Mark Bowen and Jason Sloderback **may proceed**.

### III. Further Proceedings

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants J. Miller, Mark Bowen, and Jason Sloderbeck in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 15, 2016, [dkt. 1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**The clerk is instructed** to update the docket to reflect the dismissal of Benson, Cindy Gitman, and Jane Doe as defendants.

**IT IS SO ORDERED**.

Date: 11/9/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Anthony Wayne Reed, #930206
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

| | | |
|---|---|---|
| Mark Bowen | All to be served at: | Hamilton County Jail |
| Jason Sloderbeck | | 18102 Cumberland Road |
| J. Miller | | Noblesville, IN 46060 |

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**