# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY WAYNE REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-0319-WTL-MJD |
| | ) |
| MARK J. BOWEN, JASON SLODERBECK, | ) |
| BENSON, J. MILLER, | ) |
| | ) |
| Defendants. | ) |

## Entry Discussing Plaintiff's Motion to Compel

Plaintiff Anthony Reed has filed a motion to compel asserting that the defendants are not complying with his discovery requests. More specifically, Mr. Reed states that the defendants failed to respond to request numbers 10, 11, 14, 15, and 24 in his request for production of documents. He alleges that in response to his effort to resolve the discovery dispute pursuant to *Federal Rules of Civil Procedure Rule* 37, the defendants did not provide the requested information and instead offered excuses. Dkt. 42.

The defendants responded to the plaintiff's motion to compel arguing that, to the extent possible, they responded sufficiently to the petitioner's discovery requests.

The parties are reminded that the overall purpose of discovery under the *Federal Rules of Civil Procedure* is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958); see also *Epstein v. MCA, Inc.,* 54 F.3d 1422, 1423 (9th Cir. 1995) ("wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth"). Discovery in civil litigation is intended to be an essentially cooperative,

self-regulating process for which the parties would take responsibility, with little judicial intervention required. See Edward D. Cavanagh, *The August 1, 1983 Amendments to the Federal Rules of Civil Procedure: A Critical Evaluation and a Proposal for More Effective Discovery Through Local Rules,* 30 Vill. L. Rev. 767, 775 & n.34 (1985).

The underlying theme in Mr. Reed's motion to compel is that he is seeking information that the defendants contend they do not have. The motion to compel, [dkt. 42], is **granted in part and denied in part** consistent with the following:

1. In request number 10, Mr. Reed requested that the defendants:

   a): REQUEST # 10: **Produce any and all document(s) created in relation to the plaintiff's missing property items, that were in defendant Miller's custody and control, on the morning of January 23, 2015; And any other related documents, to the plaintiff's missing property items, produce all document(s).** In this request, I

[Dkt. 43]. In his declaration in support of motion to compel, Mr. Reed clarifies with respect to request number 10 that the defendants must have in their possession proof that they mailed his documents to him at the Branchville Correctional Facility. He contends that U.S. Postal documents were created (and exist) as a result of such mailing.

The defendants respond by stating they did mail documents to Mr. Reed at the Branchville Correctional Facility but the envelope was not mailed by certified mail so proof of mailing documents do not exist. [Dkt. 44-1]. The Court cannot compel the production of information that does not exist. *See Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D.Wis. 2004) ("A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence."). It is common knowledge that the mailing of documents

through the mail does not always generate proof of such mailing. The defendants assert they mailed these documents to Mr. Reed by U.S. mail only and no proof exists. This response is sufficient. The motion to compel with respect to request for production number 10 is **denied**.

2. In request number 11, Mr. Reed requested that the defendants:

> b): REQUEST# 11: **Produce the "Inventory Property List" and, any other related documents created, taken of the plaintiff's property items prior to, the plaintiff's being transported beck to Indiana Department of Corrections-"returning facility", on the morning of January 23, 2015;** In this Request, I clearly informed (and Testified

[Dkt. 43].

The defendants respond that no property inventory list was created with regard to the small envelope of papers and other unspecified property because Mr. Reed was brought to the Hamilton County Jail from the Branchville Correctional Facility and would not have been able to bring items other than clothing with him. For these reasons, the defendants did not create a property inventory list. However, with respect to his clothing, an inventory report was created and provided to Mr. Reed. [Dkt. 44-1; 44-2, at pp. 4-6]. The defendants provided Mr. Reed with the documents in their possession with respect to request number 11. The motion to compel with respect to request for production number 11 is **denied**.

3. In request number 14 and 15, Mr. Reed requested that the defendants:

> c): REQUESTS# 14 AND #15: State the exact size (square feet) of both, the upstairs and downstairs cells, in "D" Housing Unit of the Hamilton County Jail; If the "size of these cell(s)" are set forth in any documents, produce the document(s).
>
> State the exact "feet, per square inch, of space", each (all three) prisoners has, when residing in a cell (both upstairs and downstairs, and in each different size cells) designed for two prisoners; If any of these cell size(s) are set forth in any documents, produce the document(s). In regards to both of these requests the

[Dkt. 43]. Mr. Reed concedes that the defendants sent him a diagram of a corner cell and the next attached cell, but that the response was not responsive to his request.

The defendants respond that the diagrams they provided included precise measurements that would allow Mr. Reed to compute the total square footage and total square footage per inmate. Mr. Reed specifically requested the calculations (square feet) of the upstairs and downstairs cells in D Housing Unit. [Dkt. 44-1]. He also requested the "feet, per square inch, of space" each prisoner has in a cell designed for two prisoners. While the defendants provided Mr. Reed a diagram with the measurements of each cell, their response did not provide Mr. Reed with the rest of the information he requested. As such, Mr. Reed's motion to compel the information in request numbers 14 and 15 is **granted. The defendants shall provide the calculations of the total square footage per cell and the total square footage per inmate**.

4. Finally, in request number 24, Mr. Reed requested that the defendants:

> REQUEST# 24: Produce two (2) color photos of the Hamilton County Transportation Wagon (I.e. one Photo, facing the "rear" entrance door, from the inside, of this vehicle - with the doors closed; And a photo facing the "rear" doors entrance, from the "outside" of this vehicle) that, was used to transport the plaintiff back to, Branchville Correctional Facility on the day of: January 23, 2015.

[Dkt. 43]. The defendants responded to this request by stating that such photographs did not exist and the rules of discovery do not require the defendants to create them. [Dkt. 44-1]. *Federal Rule of Civil Procedure* 34 provides that a party may "serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Rule 37(a) allows a party to move for an order compelling discovery, including an order compelling an answer or inspection. See Fed. R. Civ. P. 37(a)(3)(B).

Here, because Mr. Reed in an inmate, he is unable to inspect and photograph the transportation wagon – something he would be able to do if he was not incarcerated. The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The Court will exercise its discretion with respect to request number 24. Mr. Reed's motion to compel request number 24 is **granted**. **The defendants shall provide Mr. Reed with the photographs Mr. Reed seeks in request number 24 that he is unable to obtain on his own no later than September 11, 2017**. The defendants may file a motion seeking reimbursement from the plaintiff for reasonable costs associated with the production of these photographs.

The plaintiff's motion for extension of time to file a reply to the defendants' response in opposition to the motion to compel, [dkt. 45], is **denied** as moot.

**IT IS SO ORDERED**.

Date: 8/10/2017

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ANTHONY W. REED
930206
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Donald B. Kite, Sr.
WUERTZ LAW OFFICE LLC
don@wuertzlaw.com

Darren J. Murphy
HOWARD & ASSOCIATES
dmurphy@ori.net